UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARCADIE VIHODET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-cv-465 |
| ) | |
| BAICAN GHEORGHE, ALEXANDRU ) | Plaintiff Demands a Jury Trial |
| STAN, and ALL-STAR ) | |
| TRANSPORTATION, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, Arcadie Vihodet, by and through his attorneys, Levinson and Stefani, and complaining of the Defendants, Baican Gheorghe, Alexandru Stan, and All-Star Transportation, LLC., states as follows:

### Venue and Jurisdiction

1. Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00. Each of the parties hereto is a citizen of the United States, but is a citizen of separate states within the United States.

2. This court has pendent jurisdiction over all state claims presented herein pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### Facts Common to All Counts

4. The Plaintiff, Arcadie Vihodet ("Vihodet"), is a resident of the State of California.

5. Upon information and belief and at all times relevant herein, the Defendant, Baican Gheorghe ("Gheorghe"), is a resident of the State of New York.

6. Upon information and belief and at all times relevant herein, the Defendant, Alexandru Stan ("Stan"), is a resident of the State of Ohio.

7. On or about May 31, 2014, the Defendant, All-Star Transportation ("AST"), was a Connecticut corporation, with a registered address in New Haven, CT 06510.

8. At all relevant times herein, the Defendant, Stan, was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

9. At all relevant times herein, the Defendant, AST, was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

10. At all relevant times herein, Defendant Gheorghe was a professional truck driver employed by Stan.

11. In the alternative, at all relevant times herein, Defendant Gheorghe was a professional truck driver employed by AST.

12. At all relevant times herein, Gheorghe was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

13. At the aforementioned time and place, AST was the owner of a 2004 Freightliner

Cl120, US DOT Number 1292013 (hereinafter "Freightliner"), being driven by its agent and servant, Defendant Gheorghe, westbound on US Interstate 70 near mile marker 100, in Effingham County, Illinois.

14. At the aforementioned time and place, Stan was the owner of the Freightliner, being driven by its agent and servant, Defendant Gheorghe, westbound on US Interstate 70 near mile marker 100, in Effingham County, Illinois

15. On or about May 31, 2014, Vihodet was driving eastbound on US Interstate 70, near mile marker 100, in front of Defendant Gheorghe.

16. At all relevant times herein, Plaintiff and Defendant were travelling in a construction zone.

17. The Plaintiff at all relevant times herein was exercising due care for his own safety.

## COUNT I
## Negligence against Gheorghe

18. The Plaintiff hereby adopts and re-alleges paragraphs 1-17 as though fully set forth herein.

19. At said time and place, it was the duty of the Defendant, Gheorghe, to operate, maintain, and control the Freightliner Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Arcadie Vihodet.

20. Notwithstanding the foregoing duty, the Defendant, Gheorghe, did operate, maintain, and control the Freightliner Truck in a dangerous and negligent manner in one or more of the following ways:
    a)  operated the Freightliner Truck at a speed too great for conditions prevailing;

  b) exceeded a safe speed for the present road conditions, specifically in a construction zone;

  c) failed to keep a proper lookout;

  d) followed the Plaintiff's vehicle too closely;

  e) failed to avoid a collision with the vehicle operated by Plaintiff;

  f) failed to slow or stop the Freightliner Truck when danger to the Plaintiff was imminent;

  g) struck the vehicle occupied by the Plaintiff;

  h) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including failing to reduce speed; and

  i) failed to properly maintain the Freightliner Truck, including but not limited to adequate brakes.

21. As direct and proximate result of one or more of the foregoing acts of negligence, the Freightliner Truck operated by Defendant Gheorghe, did violently collide with the vehicle driven by the Plaintiff, Arcadie Vihodet, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

  a) bodily injury;

  b) pain and suffering;

  c) mental suffering;

  d) lost wages and injury to earning capacity;

  e) medical expenses; and

  f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Arcadie Vihodet, prays for judgment against the Defendant, Gheorghe, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT II
### Negligence against Alexandru Stan (Respondiat Superior)

22. The Plaintiff hereby adopts and re-alleges paragraphs 1-17 as though fully set forth herein.

23. At said time and place, it was the duty of the Defendant, Stan, to own, operate, maintain, and control his vehicle in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff.

24. Notwithstanding the foregoing duty, the Defendant, Stan, individually and by and through his agent, Gheorghe, did operate, maintain, and control the Freightliner Truck in a dangerous and negligent manner in one or more of the following ways:
    a) operated the Freightliner Truck at a speed too great for conditions prevailing;
    b) exceeded a safe speed for the present road conditions, specifically in a construction zone;
    c) failed to keep a proper lookout;
    d) followed the Plaintiff's vehicle too closely;
    e) failed to avoid a collision with the vehicle operated by Plaintiff;
    f) failed to slow or stop the Freightliner Truck when danger to the Plaintiff was imminent;
    g) struck the vehicle occupied by the Plaintiff;
    h) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including: failing to reduce speed; and
    i) failed to properly maintain the Freightliner Truck, including but not limited to adequate brakes.

25. As direct and proximate result of one or more of the foregoing acts of negligence, the Freightliner Truck owned by Defendant Stan, did violently collide with the vehicle driven by the Plaintiff, Arcadie Vihodet, and as a result thereof, the Plaintiff did

suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) mental suffering;

d) lost wages and injury to earning capacity;

e) medical expenses; and

f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Arcadie Vihodet, prays for judgment against the Defendant, Stan, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT III
### Direct Negligence against Stan

26. The Plaintiff hereby adopts and re-alleges paragraphs 1-17 as though fully set forth herein.

27. The Defendant, Stan, had the duty to act reasonably in hiring, training, and retaining Defendant Gheorghe to operate the Freightliner Truck.

28. The Defendant, Stan, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Gheorghe, and vehicles, including the Freightliner Truck, were reasonably safe and in compliance with all applicable state and federal laws.

29. Notwithstanding the foregoing duties, the Defendant, Stan, by and through its employee or agent, Defendant Gheorghe, did breach said duties in one or more of the following ways:

   a) knew or should have known that Gheorghe was unfit to operate the Freightliner Truck;

   b) allowed Gheorghe to operate the Freightliner Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;

    c)    did not take appropriate action in training Gheorghe;

    d)    did not take appropriate action in disciplining or re-training Gheorghe when it knew or should have known Gheorghe failed to comply with various rules and regulations;

    e)    did not remove Gheorghe from duties after it knew or should have known Gheorghe was unfit for the job; and

    f)    did not provide supervision of Gheorghe when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

30.    As direct and proximate result of one or more of the foregoing acts of negligence, the Freightliner Truck owned by the Defendant Gheorghe did violently collide with the vehicle occupied by the Plaintiff, Arcadie Vihodet, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

    a)    bodily injury;

    b)    pain and suffering;

    c)    mental suffering;

    d)    lost wages and earning capacity;

    e)    medical expenses; and

    f)    disability or loss of normal life.

WHEREFORE, the Plaintiff, Arcadie Vihodet, prays for judgment against the Defendant, Stan, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

### COUNT IV
### Negligence against All-Star Transportation, LLC (Respondeat Superior)

31.    The Plaintiff hereby adopts and re-alleges paragraphs 1-17 as though fully set forth herein.

32. At said time and place, Defendant Gheorghe was operating the Freightliner Truck under the authority and control of his employer or contractor, AST.

33. At said time and place, Defendant Gheorghe was operating the Freightliner Truck with the consent of Defendant AST.

34. At said time and place, Defendant Gheorghe was operating the Freightliner Truck in the course and scope of his employment.

35. At said time and place, it was the duty of the Defendant, AST, by and through its agent or employee, Defendant Gheorghe, to own, operate, maintain, and control the Freightliner Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Arcadie Vihodet.

36. Notwithstanding the foregoing duty, the Defendant, AST, by and through its agent or employee, Defendant Gheorghe, did own, operate, maintain, and control the Freightliner Truck in a dangerous and negligent manner in one or more of the following ways:

   a) operated the Freightliner Truck at a speed too great for conditions prevailing;

   b) exceeded a safe speed for the present road conditions, specifically in a single lane construction zone;

   c) failed to keep a proper lookout;

   d) followed the Plaintiff's vehicle too closely;

   e) failed to avoid a collision with the vehicle operated by Plaintiff;

   f) failed to slow or stop his Freightliner Truck when danger to the Plaintiff was imminent;

   g) struck the vehicle occupied by the Plaintiff;

   h) failed to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including failing to reduce speed; and

   i) failed to properly maintain the Freightliner Truck, including but not limited

   to adequate brakes.

37. As direct and proximate result of one or more of the foregoing acts of negligence, the Freightliner Truck operated by Gheorghe in the course of his employment with AST did violently collide with the vehicle driven by the Plaintiff, Arcadie Vihodet, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

  a) bodily injury;

  b) pain and suffering;

  c) mental suffering;

  d) lost wages and earning capacity

  e) medical expenses; and

  f) disability or loss of normal life.

  WHEREFORE, the Plaintiff, Arcadie Vihodet, prays for judgment against the Defendant, AST, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT V
## Direct Negligence against All-Star Transportation, LLC

38. The Plaintiff hereby adopts and re-alleges paragraphs 1-17 as though fully set forth herein.

39. The Defendants, AST, had the duty to act reasonably in hiring, training, and retaining Defendant Gheorghe to operate the Freightliner Truck.

40. The Defendant, AST, had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Gheorghe, and vehicles, including the Freightliner Truck, were reasonably safe and in compliance with all applicable state and federal laws.

41. Notwithstanding the foregoing duties, the Defendant, AST, by and through its

employee or agent, Defendant Gheorghe, did breach said duties in one or more of the following ways:

- a) knew or should have known that Gheorghe was unfit to operate the Freightliner Truck;
- b) allowed Gheorghe to operate the Freightliner Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq.*;
- c) did not take appropriate action in training Gheorghe;
- d) did not take appropriate action in disciplining or re-training Gheorghe when it knew or should have known Gheorghe failed to comply with various rules and regulations;
- e) did not remove Gheorghe from duties after it knew or should have known Gheorghe was unfit for the job; and
- f) did not provide supervision of Gheorghe when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

42. As direct and proximate result of one or more of the foregoing acts of negligence, the Freightliner Truck owned by the Defendant Gheorghe did violently collide with the vehicle occupied by the Plaintiff, Arcadie Vihodet, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

- a) bodily injury;
- b) pain and suffering;
- c) mental suffering;
- d) lost wages and earning capacity;
- e) medical expenses; and
- f) disability or loss of normal life.

WHEREFORE, the Plaintiff, Arcadie Vihodet, prays for judgment against the Defendant, AST, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

                Respectfully submitted,

              By: /s/ Brett A. Manchel

LEVINSON AND STEFANI
Attorneys for Plaintiff
230 W. Monroe St. Suite 2210
Chicago, Illinois 60606
(312) 376-3812
brett@levinsonstefani.com
ARDC Number: 6309601